NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3152
_____

JAMES OSCAR WRIGHT,
Appellant

v.

DEBRA K. SAUERS. Superintendent; MICHAEL OVERMYER Dep. Superintendent;
ERIC TICE, Dep. Superintendent; ANTHONY GATTO, Correctional Officer;
DANIEL CLEVER, Correctional Officer; NANCY MCGARVIE, Medical Director;
WEXFORD HEALTH SOURCES INC, At SCI Forest; KIM SMITH, CHCA at SCI
Forest; RAYMOND BURKHART; CORIZON HEALTH INC
_____

On Appeal from the United States District Court for the
Western District of Pennsylvania
(No. 1:13-cv-00358)
District Judge: Honorable Susan Paradise Baxter
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
June 12, 2018

Before: CHAGARES, GREENBERG, and FUENTES, *Circuit Judges*

(Opinion filed: July 2, 2018)
_____

OPINION*
_____

_____

    * This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does
not constitute binding precedent.

FUENTES, *Circuit Judge.*

James Oscar Wright, a former Pennsylvania state prisoner, appeals the District Court's grant of summary judgment in his civil rights action for failure to exhaust administrative remedies under the Prison Litigation Reform Act (the "Act"). For the following reasons, we affirm.

**I.**

Because the facts are well-known to the parties, we discuss only those facts necessary to our disposition. In 2012, Wright was involved in an altercation with Corrections Officer Anthony Gatto while housed in a state correctional facility (the "Prison").[1] As a result of the incident, Wright's right foot was severely broken.

Thereafter, Wright sought redress through the grievance process outlined in Department of Corrections Policy DC-ADM 804. DC-ADM 804 provides that, "[i]f the inmate desires compensation or other legal relief normally available from a court, *the inmate shall request the specific relief sought in his/her initial grievance.*"[2] Here, while Wright's initial grievance gave a detailed account of the underlying incident, it did not request monetary relief (or any relief for that matter).

After the Prison investigated and rejected the grievance, Wright filed this action alleging, *inter alia*, that Gatto used excessive force in violation of his Eighth Amendment rights. In 2017, Gatto—after having already once moved for summary judgment—again

---

[1] In his brief, Gatto's last name is spelled "Gotto." However, because he is listed as "Gatto" in the caption and on the docket sheet, we will refer to him as "Gatto" in this opinion.

[2] JA 261 (emphasis added).

sought summary judgment on the basis that Wright failed to exhaust by not seeking monetary relief in his initial grievance. The District Court granted summary judgment in favor of Gatto. This appeal followed.[3]

## II.

On appeal, Wright argues that we should reverse the District Court's exhaustion determination and remand for a trial on the excessive force claim. We disagree.

The District Court's finding of procedural default is supported by our Court's decision in *Spruill v. Gillis*.[4] In *Spruill*, we rejected a procedural default claim based on an inmate's failure to specifically request monetary relief on a prior version of DC-ADM 804.[5] In so holding, we emphasized that the grievance policy in effect at that time permitted—but did not *require*—an inmate to identify the relief sought (including monetary relief) in his grievance.[6] Crucially, however, we also observed that—to the extent it was dissatisfied with our ruling—the Prison could "alter the grievance system to require more (or less) of inmates by way of exhaustion."[7]

---

[3] The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1343. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the District Court's determination that Wright failed to exhaust administrative remedies. *Robinson v. Superintendent Rockview SCI*, 831 F.3d 148, 153 (3d Cir. 2016). In so doing, we accept the District Court's factual findings unless clearly erroneous. *Id.*

[4] 372 F.3d 218 (3d Cir. 2004).

[5] *Id.* at 233–34.

[6] *See id.* at 233 ("Since an optional procedural provision cannot give rise to a procedural default, it appears that [plaintiff] is not now precluded from seeking money damages.").

[7] *Id.* at 235.

Subsequently, the Prison amended its policy to include the mandatory language deemed lacking in *Spruill*. Indeed, as noted, DC-ADM 804 now requires an inmate to specify whether he seeks "compensation or other legal relief normally available from a court" in his initial grievance.[8] Since this requirement is now mandatory, the District Court rightly held that Wright procedurally defaulted his claim for money damages by failing to request such relief in his grievance.

In response, Wright argues that the Act only requires exhaustion of the grievance process, not forms of relief.[9] This argument fails. The Supreme Court has held that the Act "requires proper exhaustion."[10] In this regard, "it is the prison's requirements, [] not the [Act], that define the boundaries of proper exhaustion."[11] Here, the Prison's policy required Wright to specifically request monetary relief in his initial grievance. Because Wright failed to do so, he defaulted his claim for money damages.[12]

Finally, Wright maintains that, even if his grievance was defective, the Prison waived any argument regarding exhaustion by evaluating—and rejecting—his grievance on the merits. This argument is unavailing. Wright submitted a grievance that the Prison

---

[8] JA 261.

[9] *See Booth v. Churner*, 532 U.S. 731, 739 (2001) (observing that "one 'exhausts' processes, not forms of relief").

[10] *Woodford v. Ngo*, 548 U.S. 81, 93 (2006).

[11] *Jones v. Bock*, 549 U.S. 199, 218 (2007).

[12] To the extent that Wright claims the grievance process was "unavailable" because he was unaware of the severity of his injury when he filed his grievance, we disagree. Although Wright may not have known the extent of his injury, he knew he suffered *an injury*. As such, this argument fails.

4

could, and did, decide on the merits. Nevertheless, even though his grievance was not entirely deficient, he is still foreclosed from seeking monetary relief because he did not request it in his initial grievance. Indeed, we contemplated this result in *Spruill*.[13]

**III.**

For the foregoing reasons, we affirm the District Court's grant of summary judgment.

---

[13] *See Spruill*, 372 F.3d at 233 (analyzing if an inmate procedurally defaulted on a claim for monetary relief where his grievance, which the Prison otherwise considered and rejected, failed to request such relief).